```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION

MICHAEL ANTHONY DAVIS,          §
(BOP # 33896-177)               §
VS.                             §   CIVIL ACTION NO.4:12-CV-092-Y
                                §
                                §
KAREN L. COLLINS, et al.        §
```

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915A(B)(1)
     and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Michael Anthony Davis's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Davis has filed a civil complaint entitled "42 U.S.C. S. 1983 Suit 1,000,000 Each Deprivation." In ths suit, Davis names as defendants probation officers Karen L. Collins and Terri L. Lassiter, and assistant United States attorneys Chris Wolfe and Michael J. Worley. (Compl. Style; pages 2-8.) Davis, who was prosecuted in this Court,[1] contends that, at sentencing, the defendants allowed agents to provide perjured testimony about the drug quantity for which he was held accountable beyond the amount referenced in the indictment and in violation of his right to due process of law. (Compl. at 2.) Davis continues by claiming there was an insufficient basis to hold him responsible for the higher quantity of drugs as listed in the presentence report (PSR). (Compl. at 2.) Davis alleges the probation officers illegally stacked his sentence to harass him for going to trial and not entering a plea.  (Compl. at 4.) Davis also alleges that the prosecutors had a duty to inform the Court of all factual

---

[1]The Court takes judicial notice of the records of this Court in *United States v. Davis,* No. 4:05-CR-111-Y (2). *See* Fed. R. Evid. 201(b).

information, and allowed the probation officers to include information in the PSR which was not in the superseding indictment. (Compl. at 6-7.) Davis contends this was the result of prosecutorial vindictiveness. (Compl. at 7.) Davis also argues that the superseding indictment included additional counts not listed in the original indictment and was time-barred, and he also contends his rights under the Speedy Trial Act were violated. (Compl. 7-8, 9.) Davis seeks $1,000,000 from each defendant.

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the

---

[2] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[3] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[5] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

2

power to "dismiss a claim based on an indisputably meritless legal theory."[6] After review of the complaint under these standards, the Court concludes that Davis's claims must be dismissed.

Although Davis recites 42 U.S.C. § 1983 as the source for his claims, as he asserts claims for violation of his constitutional rights against individual federal government defendants, the Court has construed his claims as seeking relief under *Bivens* v. *Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens")*.[7] Davis's claims must be dismissed as a matter of law for several reasons.

With regard to the prosecutor defendants, this Court must apply the doctrine of absolute immunity. Although this Court will also subject Plaintiff's claims to an analysis under *Heck v. Humphrey*, 512 U.S. 477 (1994), "it is appropriate for the district court to resolve the question of absolute immunity before reaching the *Heck* analysis when feasible."[8] The Supreme Court has consistently held that acts undertaken by a government prosecutor in the course of his role as an advocate for the government are cloaked in absolute

---

[6]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[7]403 U.S. 388, 297 (1971). *Bivens,* of course, is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball,* 168 F.3d 856, 863 n. 10(5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials"), *overruled on other grounds, Castellano v. Fragozo,* 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003), *cert den'd,* 543 U.S. (2004).

[8]*Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994).

3

immunity.[9] The Court has further explained that absolute immunity is afforded (or not) based upon whether the prosecutor is acting "in his role as advocate for the State."[10] Here, Wolfe and Worley's actions with regard to the prosecution of Davis were taken in their roles as assistant United States attorneys. Davis has not alleged any facts that these persons acted beyond the scope of the prosecutorial role. Thus, defendants Wolfe and Worley are entitled to absolute prosecutorial immunity, and Plaintiff's claims against them must be dismissed under the authority 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915 (e)(2)(B)(iii).

With regard to the remainder of Plaintiff's claims, and in the alternative as to Wolfe and Worley, the Court concludes that Plaintiff's claims are not cognizable. Plaintiff is seeking monetary damages for alleged violations of his constitutional rights arising from his convictions in this the United States District Court for the Northern District of Texas for conspiracy to possess and distribute cocaine base, and distribution of cocaine base. In *Heck v. Humphrey,* 512 U.S. 477, 486 (1994), the Supreme Court held that a § 1983 claim that effectively attacks the constitutionality of a conviction or imprisonment is not cognizable under § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

---

[9] *Buckley v. Fitzsimmons,* 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976).

[10] *Imbler,* 424 U.S. at 431 n.33.

4

question by a federal court's issuance of a writ of habeas corpus."[11] As in *Heck*, Plaintiff's challenges, if successful, necessarily would imply the invalidity of his convictions and sentence, and are thus not cognizable unless Plaintiff has satisfied the conditions set by *Heck*.[12] Plaintiff has failed to establish that he has met one of the prerequisites to an action for damages set forth by the Supreme Court. To the contrary, Plaintiff has filed a motion under 28 U.S.C. § 2255 and numerous other post-conviction challenges, none of which has resulted in any relief.[13] Thus, Plaintiff remains in custody and has not shown that his conviction or sentence have been invalidated. As a result, Plaintiff's remaining claims for monetary damages are not cognizable, and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[14]

Therefore, all of Plaintiff's claims against Chris Wolfe and Michael J. Worley are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(2) and alternatively, pursuant to 28 U.S.C.§ 1915(e)(2)(B)(iii).

---

[11]*Heck,* 512 U.S. at 486-87; *see also Cronn v. Buffington,* 150 F.3d 538, 541 (5th Cir. 1998)("*Heck* applies to *Bivens* actions")(citing *Stephenson v. Reno,* 28 F.3d 26, 27 (5th Cir. 1994)).

[12]*See Stephenson,* 28 F.3d at 27 (noting that a federal prisoner's avenue to obtain a habeas corpus remedy is under 28 U.S.C. § 2255).

[13]*See infra* note 1.

[14]*See Heck*, 512 U.S. at 487-88.

5

All of Plaintiff's remaining claims, and alternatively, all Plaintiff's claims against defendants Wolfe and Worley, are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met, under the authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[15]

SIGNED March 1, 2012.

*[signature]*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[15]*See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996). The Court notes that Davis has previously had claims barred by *Heck v. Humphrey,* 512 U.S. 477 (1994) dismissed without prejudice in a district court within the Tenth Circuit, *Davis v. United States, et al.,* No. Civ. 10-1136-HE (W.D. Ok. February 18, 2011). In this the Fifth Circuit, however, *Johnson* directs courts to dismiss such claims "with prejudice to their being asserted again until the *Heck* conditions are met." *McElveen,* 101 F.3d at 424.

6